## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTOPHER C. GULYAS, | DOCKET NUMBER |
| Appellant, | SF-0752-18-0637-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: June 28, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher C. Gulyas</u>, San Diego, California, pro se.

<u>Jennifer Demming</u>, Esquire, Pensacola, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the analysis of the appellant's affirmative defense of status-based disability discrimination, we AFFIRM the initial decision.

## BACKGROUND

Prior to his removal, the appellant was employed as a GS-5 Administrative Assistant at the agency's Naval Reserve Officers Training Corps in San Diego, California. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 13. On June 23, 2017, the agency issued him a letter of reprimand for failure to follow instructions. IAF, Tab 7 at 133-34. Four months later, the agency issued a decision to suspend him for 14 days for failure to meet deadlines, careless workmanship, and dishonest conduct. *Id.* at 131-32. He served that suspension from October 24 to November 6, 2017. *Id.* at 5.

On May 4, 2018, the agency proposed his removal based on the following charges: (1) failure to follow instructions when he failed to submit disenrollment packages for two different individuals to the agency's Naval Service Training Command (NSTC) within 30 days of the September 2017 actions by the Performance Review Board (PRB) and emailed their medical and dental records on February 9, 2018, the day after the recipient at Student Operations (OD4) advised him that he could not receive the documents via email; and (2) dishonest

conduct when he assured his supervisor on February 13, 2018, that "all is well with the packages," or words to that effect, when he knew they had not been properly submitted. *Id.* at 4-8. On June 4, 2018, the agency issued a decision letter on its proposed removal, sustaining both charges and finding that removal was an appropriate penalty. IAF, Tab 4 at 14-16.

The appellant filed this appeal of his removal with the Board. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 42, Initial Decision (ID) at 1, 21. He found that the agency proved both charges. ID at 7-8, 11-12. He further found that the agency's action promoted the efficiency of the service, and that removal was a reasonable penalty. ID at 18-20. The administrative judge also concluded that the appellant did not prove his affirmative defense of disability discrimination. ID at 12-18.

The appellant has timely filed a petition for review challenging the administrative judge's finding that the agency proved the charges and that he failed to meet his burden of proving his affirmative defense of disability discrimination. Petition for Review (PFR) File, Tab 7 at 4-12. He also disputes the administrative judge's decision to deny all of the witnesses he requested below. *Id.* at 5. The agency has not responded to the petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The administrative judge properly found that the agency established the failure to follow instructions charge.

In his petition for review, the appellant argues that his mistakes were not intentional but that he had received insufficient training on his job duties, was behind on his workload due to his 14-day suspension, and was confused about the timeline for submitting disenrollment packages and the requirement to mail hard copies of the records. *Id.* at 6-7. An agency may prove a charge of failure to follow instructions by establishing that (1) the employee was given proper instructions and (2) the employee failed to follow the instructions, without regard to whether the failure was intentional or unintentional. *Archerda v. Department*

*of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014). Failure to follow supervisory instructions does not turn on proof of intent. *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 555-56 (1996). The administrative judge found that the agency established the charge. ID at 7-8. For the following reasons, we agree.

Regarding specifications 1 and 2, the administrative judge found that the appellant did not dispute that the agency's NSTC Manual M-1533.2B (Manual) set forth a requirement to forward disenrollment packages to OD4 within 30 days of the PRB action and that the packages at issue were untimely submitted. ID at 4, 7. The appellant testified at the hearing that he was in receipt of the Manual, it was part of the work binder he created, and he believed he consulted this document when he completed the disenrollment packages. IAF, Tab 36, Hearing Compact Disc (HCD) (testimony of the appellant). On review, the appellant does not dispute these findings. Rather, he seeks to excuse his misconduct by claiming that he did not understand the instructions. PFR File, Tab 7 at 6. As the appellant observes, the administrative judge improperly characterized his testimony on this issue. *Id.* While the administrative judge found that the appellant did not claim he was confused about the 30-day deadline, the appellant testified that the Manual set forth a 30-day requirement for completion but that due to his post-suspension work backlog he could not "think straight" and that he "never denied that [he] made mistakes but [he] didn't do them intentionally." HCD (testimony of the appellant); ID at 4-5.

The administrative judge's factual error provides no basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Regardless of how the appellant allegedly interpreted the instruction, the Manual was clear. It provided that disenrollment packages "shall be forwarded to the NSTC OD4 within 30 days of the PRB." IAF, Tab 7 at 123-24. The appellant had access to the Manual and to OD4's Guidance, which also required that

disenrollment packages be submitted within 30 days of the action taken by the PRB. IAF, Tab 4 at 129-30, 142. In any event, the appellant's subjective confusion cannot excuse his misconduct because intent is not an element of a failure to follow instructions charge. *See Archerda*, 121 M.S.P.R. 314, ¶ 16.

The appellant also maintains on review that he did not receive proper training. PFR File, Tab 7 at 5-7, 10-11. The administrative judge addressed this argument below and observed that the appellant had been in his position since 2009, his job duties were based on written guidance and web-based instructions, and he had received training. ID at 6, 17. The alleged inadequacy of the appellant's training is not relevant to his failure to follow clear instructions that he admittedly received. The actions taken by the PRB occurred in September 2017, and the two disenrollment packages were not submitted until January 22, 2018, well after the 30-day requirement. IAF, Tab 7 at 4, 10. The appellant did not dispute that he failed to timely process the disenrollment packages. ID at 6; HCD (testimony of the appellant). Thus, we agree with the administrative judge that the agency proved specifications 1 and 2.

Regarding specification 3, the administrative judge found that the appellant did not dispute that he was informed by the recipient at OD4 that he was required to send hard copies of the disenrollment packages, including the medical and dental records, rather than email them. ID at 4. On review, the appellant again maintains that, while he does not dispute that he was told to send hard copies, he was confused about this requirement, lacked sufficient training, and was trying to catch up on his backlog at work. PFR File, Tab 7 at 6-7.

The administrative judge addressed these arguments below. He observed that OD4's Guidance included in the appellant's work binder expressly required that disenrollment packages include medical and dental records and be sent to a physical address in Pensacola once complete. ID at 5; IAF, Tab 4 at 147. Further, to the extent the appellant had any confusion regarding this requirement to send hard copies of the records, the administrative judge noted that the

recipient at OD4 reminded him of this requirement on February 8, 2018. ID at 5; IAF, Tab 7 at 10-11, 22. The record contains the February 8, 2018 email in which the package recipient stated to the appellant that he could not "accept an emailed copy of the records because the [N]ational [A]rchives does not accept loose leaf copies." IAF, Tab 7 at 22. The appellant subsequently emailed the records on February 9, 2018. *Id.* at 10-11. Regardless of the appellant's reiteration of his arguments that he was confused or lacked training, we agree with the administrative judge that the agency established both elements, i.e., that it gave the appellant the instructions at issue and that he failed to follow them. ID at 7-8; *see Archerda*, 121 M.S.P.R. 314, ¶ 16. Accordingly, we affirm the administrative judge's finding that the agency established specification 3 and the failure to follow instructions charge.

The administrative judge properly found that the agency established the dishonest conduct charge.

The administrative judge found, and we agree, that the nature of the act alleged in support of the agency's charge in this matter concerns a lack of candor because the agency alleged that the appellant acted with a level of intent to knowingly give incomplete or inaccurate information to his supervisor. ID at 8; IAF, Tab 17 at 20. An agency alleging lack of candor must prove the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). In finding that the agency established this charge, the administrative judge credited the appellant's supervisor, who testified as to the conduct underlying the appellant's removal, over the appellant's denials. ID at 8-12.

The Board must give deference to an administrative judge's credibility determinations when they are based explicitly or implicitly on the observations of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*,

288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge correctly resolved the credibility determinations in accordance with the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).[2] He identified the factual questions in dispute, summarized the agency's charge, and then analyzed the evidence and testimony that the parties offered with respect to the charge. ID at 8-12.

On February 8, 2018, the recipient at OD4 reminded the appellant of the requirement to send hard copies of the records for the disenrollment packages. ID at 5; IAF, Tab 7 at 10-11, 22. As discussed above, the package recipient emailed the appellant that he could not "accept an emailed copy of the records." IAF, Tab 7 at 22. The appellant subsequently emailed the records on February 9, 2018. *Id.* at 10. The agency alleged that the appellant then engaged in dishonest conduct when he assured his supervisor on February 13, 2018, that "all is well with the packages," or words to that effect, when he knew they had not been properly submitted. *Id.* at 4-5.

In sustaining this charge, the administrative judge made explicit demeanor-based credibility determinations. ID at 9-11. He did not credit the appellant's testimony regarding this charge because he had varying denials of the statements—such as the alleged phrasing being unusual for him because he uses "beatnick/hippie" phrases, that he does not recall exactly what he said to his supervisor, that the exact statement cannot be relied upon because there was no recording of it, and that any inaccurate statements made were the result of "stuttering under pressure." ID at 10-11. Instead, the administrative judge

_____

[2] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as (1) the witness's opportunity and capacity to observe the event or act in question; (2) his character; (3) any prior inconsistent statement by the witness; (4) his bias, or lack of bias; (5) the contradiction of his version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of his version of events; and (7) his demeanor. *Hillen*, 35 M.S.P.R. at 458.

credited the testimony of the appellant's supervisor, whose consistent testimony regarding his recollection of the February 13, 2018 conversation was "specific, detailed . . . and not inherently improbable" and further supported by the record evidence. *Id.* According to the administrative judge, the supervisor testified that the appellant represented it was "all good" with the packages. ID at 9.

In his petition for review, the appellant argues that the administrative judge incorrectly stated that he uses "hippie" phrases and that, contrary to the administrative judge's findings, he never would have used the phrase "all good" because that is not the way he speaks. PFR File, Tab 7 at 7-8. He also suggests that the statement he is charged with making, "all is well with the packages," is ambiguous. *Id.*; IAF, Tab 7 at 4. We decline to disturb the administrative judge's demeanor-based credibility findings. ID at 9-11. Regarding the administrative judge's characterization of the appellant's speech patterns as being "beatnick/hippie," this exact description of his speaking style was used by the appellant in his written reply to the agency. ID at 10; IAF, Tab 4 at 28. Further, we agree that, regardless of the exact phrase used by the appellant, the agency proved that his suggestion to his supervisor that the packages were "well" or "good" was inaccurate and incomplete. ID at 11-12. An agency is not required to prove each factual specification supporting the charge, but only the essence of the charge. *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 8 (2014). It has done so here.

We modify the initial decision's analysis of the appellant's disability discrimination affirmative defense, still concluding that he failed to prove this defense.

On petition for review, the appellant argues that the administrative judge erred in denying his affirmative defense of disability discrimination. PFR File,

Tab 7 at 8-11.[3]  He further alleges that he provided proof of his disability by providing all of his medical records below.  *Id.* at 8.

An appellant who raises a claim of disability discrimination must first establish that he is a disabled person entitled to the protection of the disability discrimination laws.  *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 7 (2014).  Here, the administrative judge found that there was "little in the record to adequately support a conclusion that the appellant was substantially limited in a major life activity" and thus, the appellant failed to meet his burden of showing that he was disabled.  ID at 17-18.  He also found that the appellant did not prove that the agency perceived him as being disabled.  *Id*.  Consequently, he concluded that the appellant failed to show that the agency discriminated against him on the basis of his disability.  ID at 18.  Based on the following, we modify the initial decision to find that the appellant established that he was an individual with a disability.  Nevertheless, we agree with the administrative judge's ultimate conclusion that the appellant failed to establish his claim that the agency treated him disparately on the basis of his disabilities.

---

[3] The appellant also appears to argue on review that he was subject to "harassment, hazing, elder abuse, and terrorism."  PFR File, Tab 7 at 11.  We decline to address those arguments.  These claims are not properly before us.  The appellant made similar claims in his initial appeal.  IAF, Tab 1 at 5.  The administrative judge did not identify these claims as issues for adjudication in the prehearing conference summary and did not render findings on these claims in the initial decision.  IAF, Tab 17 at 2-19; ID at 12-18.  The appellant had the opportunity to object to the administrative judge's prehearing conference summary that included the issues to be determined at the hearing; yet, despite requesting witnesses not identified in the prehearing conference summary, he did not object to the summary of his affirmative defenses.  IAF, Tab 17 at 21, Tabs 19, 25-26, 28, 31.  Thus, we find that the appellant has abandoned these affirmative defenses.  *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (setting forth a set of factors for consideration when determining whether an appellant will be deemed to have waived or abandoned a previously raised affirmative defense including, as relevant here, the thoroughness and clarity with which the appellant raised his affirmative defense, the degree to which he continued to pursue his affirmative defense, and whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense).

The appellant provided evidence that he suffers from, among other conditions, major depressive disorder, obsessive compulsive personality disorder, and autism. IAF, Tab 5 at 161-69, Tab 6 at 108-16, 169-74, 271-78. The agency did not dispute these diagnoses. The Equal Employment Opportunity Commission (EEOC) has listed these conditions as generally sufficient to establish a disability. *See McNab*, 121 M.S.P.R. 661, ¶ 7 (recognizing that, under the EEOC's regulation at 29 C.F.R. § 1630.2(j)(3)(iii), major depressive disorder is considered a condition that substantially limits the major life activity of brain function); *see also* 29 C.F.R. § 1630.2(j)(3)(iii) (identifying autism, major depressive disorder, and obsessive compulsive disorder as impairments that substantially limit brain function). We find these diagnoses, combined with the appellant's well-documented history of these conditions, more than sufficient to establish that he is an individual with a disability.[4]

Although the administrative judge found the appellant not to be disabled, he also found that the appellant provided no evidence that the agency took any of the actions at issue in this appeal because of his disability and that there was nothing in the record to suggest that he was treated in a disparate manner.[5] ID at 18. We modify the initial decision to supplement the administrative judge's analysis of this claim. In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 35-42, the Board clarified the proper standard for analyzing a status-based disability discrimination claim. Under *Pridgen*, the appellant must prove that his disability was at least a motivating factor in the removal action. *Pridgen*, 2022 MSPB 31, ¶ 40. The administrative judge found that, assuming the appellant had met his burden that he was a qualified individual with a disability,

---

[4] Because we find below that the appellant did not otherwise prove his disability discrimination claim, we do not reach the issue of whether he was a "qualified individual with a disability." *See* 42 U.S.C. §§ 12111(8), 12112(a).

[5] On review, the appellant raises issues related to his work location. PFR File, Tab 7 at 9. However, his work location is not relevant to his disability discrimination claim, and therefore we decline to address these arguments.

"there [was] nothing in the record to suggest that he was treated in a disparate manner" and that the decision to remove the appellant was due to his misconduct. ID at 18. We discern no basis for disturbing the administrative judge's finding that the appellant failed to prove his claim that he was subject to disparate treatment in connection with his major depressive disorder or any other stated conditions.[6]

The administrative judge correctly found that the agency met the nexus requirement, and that the penalty of removal was reasonable.

The administrative judge found that there was a nexus between the appellant's misconduct and the efficiency of the service. ID at 18. The appellant does not challenge this finding, and we discern no basis for disturbing it.

Regarding the penalty, the appellant argues that the administrative judge failed to consider that he had no adverse performance evaluations from 2010 through 2017 and appears to dispute the prior discipline the deciding official considered. PFR File, Tab 7 at 5, 11.[7] When, as here, the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness.[8] *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17. In determining whether the selected penalty is reasonable, the Board gives due

---

[6] Because we affirm the administrative judge's finding that the appellant failed to prove that disability discrimination was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination was a "but-for" cause of the agency's decision. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

[7] He also argues, apparently as a mitigating factor, that the agency forwarded his negative 2018 mid-year assessment to an employee who was not his supervisor. PFR File, Tab 7 at 11. The appellant does not explain what, if any, impact this had or why it constitutes a mitigating factor. Thus, this argument provides no basis for disturbing the administrative judge's findings concerning the reasonableness of the penalty.

[8] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id*. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id*.

As the administrative judge found, the deciding official specifically took into consideration relevant mitigating factors, such as the appellant's years of prior satisfactory performance and his 8 years of service, but determined that his supervisor had lost confidence in the appellant's ability to work independently, which undermined the agency's ability to efficiently accomplish its mission. ID at 20; IAF, Tab 4 at 17-18. Further, the administrative judge found that the deciding official also considered aggravating factors, including the appellant's prior letter of reprimand and 14-day suspension. ID at 19-20. The Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). We find that the letter of reprimand and the 14-day suspension satisfy the *Bolling* criteria because both of them were in writing and in the record, and the appellant was notified of his right to grieve both of them. IAF, Tab 7 at 131-34. The appellant argues that he received this prior discipline as a result of mistakes he made due to his lack of training. PFR File, Tab 7 at 5. We are not convinced that this assertion rises to the level of clear error. *See Lambert v. Department of the Army*, 44 M.S.P.R. 688, 699 (1990) (finding an appellant's bare allegation that prior discipline that met the *Bolling* criteria was contrived was insufficient to convince the Board that it was clearly erroneous), *aff'd per curiam*, 928 F.2d 410 (Fed. Cir. 1991) (Table). For these reasons, we agree with the administrative

judge that the deciding official properly considered the appellant's prior discipline as an aggravating factor. ID at 19-20.

The Board has regularly held that a lack of candor, particularly when involved with other misconduct, can support a removal. *See Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 26 (2009) (finding the penalty of removal appropriate for charges of lack of candor and unauthorized absence). Further, failure to follow instructions may be sufficient cause for removal. *Jones v. Department of Justice*, 98 M.S.P.R. 86, ¶ 21 (2004). In light of the above, we agree with the administrative judge that the deciding official correctly weighed the relevant *Douglas* factors, and that the penalty of removal was reasonable.

<u>The appellant's arguments as to evidentiary matters and the administrative judge's ruling regarding witnesses do not provide a basis for disturbing the initial decision.</u>

On review, the appellant also challenges the administrative judge's rejection of witnesses that he requested for his hearing. PFR File, Tab 7 at 5. However, he fails to specifically identify the witnesses in question. Nor does he provide any evidence or argument challenging the administrative judge's rulings concerning his witnesses. Thus, we are not persuaded.

A review of the record below shows that the appellant was instructed on how to submit a list of his witnesses and given the opportunity to do so as part of his prehearing submissions below but did not. IAF, Tab 8 at 2, Tab 17 at 2. At the prehearing conference, the appellant confirmed that he did not file any prehearing submissions or witness requests. IAF, Tab 17 at 2. Nonetheless, the administrative judge approved the appellant, himself, to testify based on his oral request. *Id.* The administrative judge advised the parties that any objections to his order and summary of the prehearing conference, which included his ruling on witnesses, must be filed within 7 days. *Id.* at 2, 21.

The appellant did not object. However, within the applicable timeframe, he requested that two witnesses be added to his witness list and stated that additional

names would be forthcoming. IAF, Tab 19 at 3. The administrative judge denied this request for failure to submit any proffer regarding the nature of the witnesses' testimony with the submitted names and as untimely filed without good cause shown. IAF, Tab 23 at 2. After receiving this denial, the appellant subsequently filed four requests to add additional witnesses. IAF, Tabs 25-26, 28, 31. The administrative judge denied these witness requests for insufficient proffers, duplicative testimony, or as being untimely filed without good cause shown. IAF, Tab 32.

We find that the appellant has failed to establish that the administrative judge abused his discretion by declining to approve additional witnesses to testify on the appellant's behalf. *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 18 (2016) (finding that an administrative judge did not abuse her discretion by limiting the appellant to her own testimony because she did not submit prehearing submissions), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24; *see also Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶¶ 5, 19 (2010) (finding that, when the appellant failed to timely request witnesses, the administrative judge appropriately sanctioned the appellant by denying his requests for witnesses). Further, the appellant fails to show on review that the testimony of any of the excluded witnesses would have been material to the outcome of his appeal. *See Nichols v. U.S. Postal Service*, 80 M.S.P.R. 229, ¶ 7 (1998) (declining to disturb an initial decision based on the exclusion of witnesses because the appellant did not explain how he was prejudiced by their exclusion). Therefore, the appellant has not shown that any error adversely affected his substantive rights. *See Panter*, 22 M.S.P.R. at 282.

The appellant also asserts that he submitted evidence below, specifically his medical records, that was not reviewed by the administrative judge. PFR File, Tab 7 at 5, 11. However, the administrative judge stated that he made his finding that the appellant failed to meet his burden of proving disability discrimination "following a careful review of the entire record and based on the record as a

whole." ID at 18. Moreover, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Thus, the appellant's argument does not provide a basis to disturb the initial decision.

Accordingly, we deny the petition for review, and affirm, as modified, the initial decision sustaining the appellant's removal.[9]

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[9] The appellant also argues that the administrative judge improperly attributed the quote, "I am the big dog," to him. PFR File, Tab 7 at 11; ID at 16. He alleges that the quote is attributable to a coworker who said it to a newly commissioned second lieutenant. PFR File, Tab 7 at 11. The administrative judge actually attributed that quote to a janitor who allegedly said it to the appellant. ID at 16. Regardless, because the administrative judge's legal conclusions do not rely on this alleged incident, which pre-dated the misconduct at issue here, we find that any error was harmless. *See Panter*, 22 M.S.P.R. at 282.

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            _____
                          *Gina K. Grippando*
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.